UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
JANE DOE,                                                               :
:
                      Plaintiff,                                :
:        25-CV-9799 (JMF)
       -v-                                               :
:        MEMORANDUM OPINION
MICHAEL A. GOWL, JR. et al,                                             :        AND ORDER
:
                      Defendants.                               :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       On December 30, 2025, Joseph & Norinsberg, LLC, counsel to Plaintiff Jane Doe, moved to withdraw, citing a breakdown in the attorney-client relationship. *See* ECF No. 50; *see also* ECF No. 51 ("Counsel Mem."), at 3; ECF No. 54 (Ex Parte Declaration). Defendants Michael A. Gowl, Jr., Legacy Acquisition Fund LLC, PRC Seller Holdings, Inc., PRC Seller Intermediate LLC, and Coastal Pools LLC (together, the "Gowl Defendants") state that they "do not oppose Plaintiff's Counsel's eventual withdrawal from this matter," but they do "oppose any withdrawal until after the resolution both of Plaintiff's motion for leave to proceed under a pseudonym and of the Gowl Defendants' proposed motion for sanctions against Plaintiff and Plaintiff's Counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure." ECF No. 60 ("Gowl Defs.' Mem."), at 5; *see also* ECF No. 4 (Plaintiff's motion to proceed pseudonymously). Defendants Michael J. Wade, New State Capital Partners LLC, NS PRC Investment LLC, Patuxent R&C Acquisition, LLC, Patuxent Intermediate LLC, and Patuxent Roofing & Contracting, LLC (together, the "PAX Defendants") do not oppose the motion. *See* ECF No. 61. For her part, Jane Doe "urges the Court to grant" her counsel's motion to withdraw, but she opposes counsel's request for a charging lien and seeks certain other relief. ECF No. 68 ("Pl.'s Mem."), at 19-20.

Upon review of the parties' submissions, the Court grants counsel's motion to withdraw, substantially for the reasons set forth in its initial memorandum of law. *See* Counsel Mem. 3-6. Put simply, the record — including Doe's own submission — supports counsel's assessment that the attorney-client relationship has broken down, which is a proper basis for withdrawal at this stage of the litigation. *See, e.g.*, *Ruiz v. Keratin Bar Inc.,* No. 17-CV-2216 (VEC), 2020 WL 7079904, at *2 (S.D.N.Y. Dec. 3, 2020); *Allstate Ins. Co. v. Spina,* No. 20-CV-1959 (KMK), 2020 WL 7753266, at *1 (S.D.N.Y. July 27, 2020). Meanwhile, Doe's opposition to a charging lien is premature. Counsel is entitled to pursue a charging lien under New York Judiciary Law § 475, which "creates an equitable right and remedy cognizable in the federal courts." *Villar v. City of New York*, 546 F. Supp. 3d 280, 290 (S.D.N.Y. 2021) (quoting *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 448 (2d Cir. 1998)). But "[b]ecause this case remains ongoing . . . no charging lien has attached." *Diedhiou v. Republic of Senegal*, No. 20-CV-5685 (DEH), 2025 WL 2662329, at *1 (S.D.N.Y. Sept. 17, 2025). "If (1) there is a 'determination, decision, award, settlement, judgment or final order' in this case, *and* (2) [counsel] files a motion for a charging lien, then [Doe] may file an opposition to [counsel's] motion, and the Court will adjudicate that motion." *Id.* (emphasis added) (quoting N.Y. Judiciary Law § 475).

Contrary to the Gowl Defendants' assertions, neither Doe's motion to proceed pseudonymously nor the prospect of a motion for sanctions against Doe and her counsel provides a basis to defer granting counsel's motion to withdraw. The former motion is fully submitted and pending resolution by the Court; there is nothing further for counsel to do with respect to that motion, which makes it irrelevant to whether good cause exists for withdrawal. As to sanctions, the Gowl Defendants served their motion on counsel on or before January 8, 2026, *see*

Gowl Defs.' Mem. 7, 10, so the "safe harbor" period under Rule 11(c)(2) of the Federal Rules of Civil Procedure has run its course. In any event, the law is clear that allowing counsel to withdraw does not absolve counsel of its obligations under Rule 11, let alone affect this Court's jurisdiction to adjudicate any Rule 11 motion with respect to counsel's pre-withdrawal conduct. *See, e.g.*, *Heaston v. City of New York*, No. 19-CV-5569 (PKC) (VMS), 2022 WL 2106267, at *8 (E.D.N.Y. June 10, 2022) (collecting cases); *see also Hong v. Mommy's Jamaican Mkt. Corp.*, No. 20-CV-9612 (LJL), 2024 WL 3824394, at *13 n.7 (S.D.N.Y. Aug. 14, 2024) (same). Thus, it too is irrelevant to the good cause analysis.

For the foregoing reasons, counsel's motion to withdraw is GRANTED (subject to what follows). A number of loose ends remain:

- The Court concludes that counsel's declaration, ECF No. 54, should remain under seal and *ex parte* because it discloses confidential communications between counsel and Doe. (There is no basis to the Gowl Defendants' suggestion that the declaration may include communications in furtherance of criminal or fraudulent conduct. *See* Gowl Defs.' Mem. 7-8.) For similar reasons, the Court will separately direct the Clerk of Court to file and maintain Doe's most recent *ex parte* communication — a February 2, 2026 email to Chambers and an attachment to that email, which is referenced in ECF No. 76 — under seal and *ex parte*.

- The Court confirms that ECF Nos. 69 and 70 are identical. Upon review of them, the Court concludes that Doe's declaration, ECF No. 69, should be filed publicly, albeit with her name redacted, as it contains no attorney-client communications or sensitive information. By contrast, the communications between Doe and counsel that are contained in ECF No. 69-1 can and should remain both sealed and *ex parte*. Meanwhile, the letters from Morgan Lewis in ECF No. 69-1 can and should be filed publicly, albeit with Doe's name and any identifying information redacted. No later than **February 10, 2026**, Doe's counsel shall refile ECF No. 69 and 69-1 in accordance with the foregoing. (Because ECF No. 70 is identical to ECF Nos. 69 and 69-1, it should remain under seal and *ex parte*. Thus, Defendants' letter-motions requesting access to ECF No. 70, *see* ECF Nos. 74-75, are denied.)

- Counsel shall, no later than **February 10, 2026**, provide Doe with her complete client file and certify the same in a letter to the Court.

- Doe's and counsel's requests for a stay, *see* Counsel Mem. 6-7; Pl.'s Mem. 19, are denied, as there is nothing to do in this case pending the Court's decision on the pending motion to proceed pseudonymously given that Defendants' deadline to answer or

3

otherwise respond to the Complaint has been extended to three weeks after resolution of that motion, *see* ECF No. 63.  In light of that, the initial pretrial conference scheduled for March 5, 2026, *see* ECF No. 29, is also CANCELED.  Doe is urged to use the time between now and the Court's ruling on the pending motion to locate new counsel; until new counsel enters a notice of appearance, Doe will be deemed to be proceeding without counsel.

- No later than **February 10, 2026**, Doe shall either consent to electronic service via ECF or move to participate as an ECF filer to ensure that she receives documents in its case promptly by email instead of by regular mail and to ensure that, as long as she is permitted to proceed pseudonymously, her name and address are not publicly revealed.  The consent form, along with instructions on how to fill it out, can be found at https://www.nysd.uscourts.gov/forms/consent-electronic-service-pro-se-cases.

- If Doe does not consent to electronic service by February 10, 2026, counsel shall, no later than **February 12, 2026**, file under seal (but <u>not</u> *ex parte*), a letter providing Doe's name and physical address for the service of future filings.  The Court reminds Defendants that, unless and until Doe consents to receive electronic service or is granted leave to participate in the ECF system, they must serve her with hard copies of any documents they file with the Court and file proof of such service.

- Doe's other requests for relief, *see* Pl.'s Mem. 19-20, are denied as meritless.  Further, insofar as Doe's lengthy memorandum of law is largely devoted to issues unrelated to counsel's motion to withdraw, Doe is admonished to ensure that future filings are limited and pertinent to whatever issue is presented to the Court.

- Doe is further admonished that, as a self-represented party, she **may not email or call the Court's Chambers** and that all communications with the Court must be through the *Pro Se* Intake Unit.  Filings may be submitted by either (1) emailing the communication as an attachment in PDF format to Pro_Se_Filing@nysd.uscourts.gov (for instructions, see https://nysd.uscourts.gov/forms/instructions-filing-documents-email); or (2) mailing the communication to the *Pro Se* Intake Unit, Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York 10007.  *See* ECF Nos. 65, 72.  To the extent that Doe needs guidance with respect to a filing, and cannot obtain such guidance from the *Pro Se* Intake Unit, she may request guidance from the Court in writing.  Continuing failure to abide by the foregoing may result in sanctions being imposed on Doe.

- Finally, Doe's deadline to provide Defendants with her proposed redactions to their opposition brief to the motion to proceed pseudonymously, *see* ECF No. 44, which had been adjourned *sine die* pending resolution of the withdrawal motion, *see* ECF No. 53, is hereby reinstated.  No later than **February 17, 2026**, Doe shall provide Defendants with her proposed redactions to the brief.  Thereafter, no later than **February 24, 2026**, Defendants shall (1) refile their opposition brief with Plaintiff's requested redactions and (2) file — under seal — a version of the opposition brief with the redacted material highlighted.  As before, the Court intimates no view about the propriety of the redactions (or the purported impropriety of Defendants' filing their opposition brief without such redactions) and will assess whether to keep the materials at issue sealed or

redacted when deciding the underlying motion.

\*          \*          \*          \*

The Clerk of Court is directed to terminate Joseph & Norinsberg, LLC as Plaintiff's counsel; to update the docket to reflect Doe as *pro se*; to designate ECF No. 70 as *ex parte* (i.e., viewable only by the Court and the filing party); and to terminate ECF Nos. 49, 50, 74 and 75.

SO ORDERED.

Dated: February 3, 2026
New York, New York

_____
JESSE M. FURMAN
United States District Judge