# Exhibit F

Case 1:25-cv-09799-JMF     Document 80-1     Filed 02/09/26     Page 1 of 9

# Morgan Lewis

**Douglas T. Schwarz**
Partner
+1.212.309.6939
douglas.schwarz@morganlewis.com

August 19, 2025

Federal Investigator Prentice Collazo
Enforcement
U.S. Equal Employment Opportunity Commission
New York District Office
33 Whitehall Street
New York, NY 10004

**Re:** ▮▮▮▮▮▮▮▮ **v. Coastal Pools, Patuxent Roofing and Contracting, Inc., and New State Capital Partners LLC**
**EEOC Charge Number:** ▮▮▮▮▮▮▮▮

Dear Investigator Collazo:

This Firm represents New State Capital Partners LLC ("New State") in connection with the above-referenced matter. We submit this position statement and supporting documentation in response to the charge of discrimination filed by ▮▮▮▮▮▮▮▮ (the "Charge").[1]

As set forth below, the Charge improperly names New State as a Respondent because:

1. New State never employed Ms. ▮▮▮▮▮ nor was it involved in any aspect of her hiring, supervision, pay, or termination.

2. Ms. ▮▮▮▮▮ was, at all times relevant to the Charge, employed solely by an entity called Coastal Pools, LLC ("Coastal Pools").

---

[1] The information and accompanying documentation contained herein, and that which may be submitted hereafter, is strictly confidential and not to be used for any purpose other than the resolution of the current Charge and it may not be disclosed publicly. See 42 U.S.C. §§ 2000e-5(b); 2000e-8(e); 29 C.F.R. §§ 1601.22, 1601.26; and 56 Fed. Reg. 10847. Information and accompanying documentation contained herein designated confidential and/or containing sensitive medical information, confidential commercial or financial information, or trade secret information may not be disclosed to Ms. ▮▮▮▮▮ without prior written authorization from New State. In addition, New State reserves the right to amend its position statement in light of new facts adduced during its ongoing investigation.

**Morgan, Lewis & Bockius LLP**

101 Park Avenue
New York, NY  10178-0060       ☎ +1.212.309.6000
United States                   📠 +1.212.309.6001

August 19, 2025
Page 2

3. New State does not own any interest, manage, control, supervise or have any relationship with Coastal Pools. New State has never played any role in its operations, policies, or personnel decisions.

4. No New State employees were involved in the alleged conduct, nor did New State have any knowledge of any of the allegations until it received a copy of the Charge.[2]

Because New State had no employment relationship with Ms. ▓▓▓▓▓▓, no connection to the alleged misconduct, and no authority over Coastal Pools or its employees, the Charge against New State should be dismissed in its entirety.

I. **RELEVANT FACTS**

A. **New State's Business Model and Its Lack of Involvement in Employment Matters**

New State is a private equity firm that forms investment vehicles which, in turn, invest in middle-market companies, which it refers to as "portfolio companies." New State is not an operating company, and it does not manage the day-to-day operations of its portfolio companies or get involved in the portfolio companies' routine employment decisions. While New State provides financial and advisory services to the portfolio companies, it does not function as an employer to anyone outside of New State.

B. **Relationship Between New State, Patuxent, and Coastal Pools**

The following is a description of the structure and relationship between the companies:

- In 2022, a New State investment vehicle acquired a part ownership interest in Patuxent Roofing and Contracting, Inc. ("Patuxent"), a roofing and construction company. The interest was acquired from an individual named Michael Gowl, who continues to own an interest in Patuxent.

- None of the employees of Patuxent are employed by New State.

- New State does not manage Patuxent's daily operations or employment matters.

- New State does not perform any HR functions for Patuxent.

- Mr. Gowl, who is not employed by New State, also has ownership interests in certain other businesses, including a business called Coastal Pools.

To be clear, New State has no relationship whatsoever to Coastal Pools—it is not a subsidiary, affiliate, or portfolio company of New State. New State has no ownership interest in Coastal Pools and no involvement in its management.

---

[2] The Charge contains a single allegation concerning New State employee Shaun Vasavada, alleging a single incidental interaction because they both happened to be on the same video call. Mr. Vasavada denies the allegation, and even were it true, which it is not, this single incidental contact fails to indicate any employment relationship between New State and Ms. ▓▓▓▓▓▓

August 19, 2025
Page 3

- At some point in time, Coastal Pools hired Ms. ▒▒▒▒ as an assistant to Michael Gowl.

While Mr. Gowl previously owned Patuxent before selling a portion of the business to a New State investment vehicle in 2022, that transaction occurred before Ms. ▒▒▒▒ was hired at Coastal Pools and has no relevance to the allegations at hand.

### C. New State Had No Involvement in Ms. ▒▒▒▒'s Employment at Coastal Pools

As far as New State is aware, Coastal Pools hired, paid, and supervised Ms. ▒▒▒▒ entirely on its own. New State had no role in her hiring, compensation, supervision, or termination. Ms. ▒▒▒▒ never worked for New State and was never subject to New State's policies or control. In fact, New State only became aware of her allegations after receiving a copy of the Charge.

Because Ms. ▒▒▒▒ was never affiliated with New State in any capacity, there is no legal or factual basis for naming New State in this Charge.

## II. LEGAL ARGUMENT

### A. Ms. ▒▒▒▒'s Claims Against New State Are Not Viable Because New State Had No Employment or Contractual Relationship with Ms. ▒▒▒▒

Ms. ▒▒▒▒'s claims against New State fail from the outset because she has never been an employee or contractor of New State. The existence of an employment relationship is a necessary predicate to a claim under Title VII. *See Gulino v. N.Y. State Educ. Dep't*, 460 F.3d 361, 370 (2d Cir. 2006) ("The existence of an employer-employee relationship is a primary element of Title VII claims."). In addition, to assert a claim under the NYSHRL, an individual must either be an employee or a contractor who provides services pursuant to a contract in the workplace. *See Pulizotto v. McMahon*, 406 F. Supp. 3d 277, 305 (S.D.N.Y. 2019) ("[T]he Court notes that NYSHRL extended protections against sexual harassment to certain non-employees such as contractors or persons providing services pursuant to a contract in the workplace effective April 12, 2018."). It is undisputed that Ms. ▒▒▒▒ was neither an employee nor contractor of New State during the relevant period, or ever.

Likewise, Ms. ▒▒▒▒ cannot establish joint employer liability against New State. First, New State did not exercise any control over her employment at Coastal Pools. Courts will consider an entity a joint employer when there is "sufficient evidence that the [entity] had immediate control over the other company's employees." *Duff v. Pristine Servs., Inc.*, No. 19-CV-10423 (RA), 2021 WL 663981, at *3 (S.D.N.Y. Feb. 19, 2021) (quotation omitted). No such evidence exists here. Coastal Pools hired Ms. ▒▒▒▒, supervised and managed her under its own policies and procedures, supplied her with any tools needed, paid her, scheduled her, and terminated her. New State did not.

Further, "courts have found that even when a plaintiff establishes an entity's status as part of a joint employer, the plaintiff must still show 'that the joint employer knew or should have known of the [discriminatory] conduct and failed to take corrective measures within its control.'" *Lima v. Addeco*, 634 F. Supp. 2d 394, 400 (S.D.N.Y. 2009), aff'd sub nom. *Lima v. Adecco &/or Platform Learning, Inc.*, 375 F. App'x 54, 55 (2d Cir. 2010) (holding that defendant could not be held liable for discrimination as a joint employer where nothing in the record established that defendant "knew or should have known about any discriminatory treatment towards [plaintiff] until after the fact"). Here:

August 19, 2025
Page 4

- <u>New State</u> was never informed of any alleged harassment or discrimination against Ms. ▮▮▮▮.

- New State received no complaints from Ms. ▮▮▮▮ at any time.

- New State had no authority to address workplace issues at Coastal Pools, even if they had been raised.

Because New State had no knowledge of the alleged conduct and no ability to take action, New State cannot be liable under any theory.

### III.   **CONCLUSION**

For the foregoing reasons, Ms. ▮▮▮▮'s Charge against New State is misplaced and legally baseless.  New State never employed her, never employed her alleged harasser, and was not involved whatsoever in the allegations at issue.

Because there is no factual or legal basis for holding New State liable, New State respectfully requests that the EEOC dismiss this Charge in its entirety.

Respectfully submitted,

*/s/ Douglas T. Schwarz*
Douglas T. Schwarz

# Morgan Lewis

**Douglas T. Schwarz**
Partner
+1.212.309.6939
douglas.schwarz@morganlewis.com

August 19, 2025

Federal Investigator Prentice Collazo
Enforcement
U.S. Equal Employment Opportunity Commission
New York District Office
33 Whitehall Street
New York, NY 10004

Re:  ███████████ v. Coastal Pools, Patuxent Roofing and Contracting, Inc., and New State Capital Partners LLC
EEOC Charge Number: ███████████

Dear Investigator Collazo:

This Firm represents Patuxent Roofing and Contracting, LLC. ("Patuxent") in connection with the above-referenced matter. We submit this position statement and supporting documentation in response to the charge of discrimination filed by ███████████ (the "Charge").[1]

As set forth below, the Charge against Patuxent is entirely misplaced because:

1. Patuxent never employed Ms. ███████ and was not involved in her hiring, pay, supervision, or termination.

2. Ms. ███████ was, at all times relevant to the Charge, employed solely by an entity called Coastal Pools, LLC ("Coastal Pools"), an independent company.

3. Patuxent does not own any interest in, manage, control, supervise or have any relationship with Coastal Pools.

---

[1] The information and accompanying documentation contained herein, and that which may be submitted hereafter, is strictly confidential and not to be used for any purpose other than the resolution of the current Charge and it may not be disclosed publicly. See 42 U.S.C. §§ 2000e-5(b); 2000e-8(e); 29 C.F.R. §§ 1601.22, 1601.26; and 56 Fed. Reg. 10847. Information and accompanying documentation contained herein designated confidential and/or containing sensitive medical information, confidential commercial or financial information, or trade secret information may not be disclosed to Ms ███████ without prior written authorization from Patuxent. In addition, Patuxent reserves the right to amend its position statement in light of new facts adduced during its ongoing investigation.

**Morgan, Lewis & Bockius** LLP

101 Park Avenue
New York, NY  10178-0060          ☎ +1.212.309.6000
United States                             📠 +1.212.309.6001

August 19, 2025
Page 2

4. Patuxent has never played any role in Coastal Pool's operations or employment decisions.
5. No Patuxent employees were involved in the alleged conduct, nor did Patuxent have any knowledge of any of the allegations until it received a copy of the Charge.

Michael Gowl, who is a minority owner of Patuxent and was, for a period of time, the chief executive of Patuxent, separately owns and serves as CEO of an unrelated business called Coastal Pools. In late 2023, Ms. ███████ was hired by Coastal Pools to serve as Mr. Gowl's personal Executive Assistant. We understand that one of her job functions was to keep Mr. Gowl's calendar and perform administrative tasks. To assist her with those functions, Mr. Gowl provided Ms. ███████ a Patuxent email address. This email address did not create an employment relationship with Patuxent, but rather aided Ms. ███████'s performance of duties within the scope of her employment by Coastal Pools, specifically by facilitating her management of Mr. Gowl's schedule. Ms. ███████ did not report to any Patuxent employee, Patuxent exercised no control over Ms. ███████'s work, and she was never on Patuxent's payroll.

Additionally, the Charge makes allegations against Michael Wade, Patuxent's CEO, but Mr. Wade did not hire, supervise, or discipline Ms. ███████. Any interactions Mr. Wade had with Ms. ███████ were limited and related to her role supporting Mr. Gowl, not Patuxent business. Indeed, there is absolutely no evidence that Mr. Wade engaged in, condoned, or was aware of any alleged misconduct.

Because Patuxent had no employment relationship with Ms. ███████, no role in the alleged misconduct, and no control over Coastal Pools or its employees, the Charge against Patuxent should be dismissed in its entirety.

I. **RELEVANT FACTS**

A. **No Employment Relationship Between Patuxent and Ms. ███████**

Patuxent is a roofing and construction company specializing in commercial and residential roofing services. Patuxent is an independent business, not a parent company or subsidiary of Coastal Pools. Patuxent does not own, manage, or oversee employment matters at Coastal Pools. Indeed, Patuxent does not have any contractual relationship with Coastal Pools related to employment.

Ms. ███████ was hired by Coastal Pools in December 2023 as an Executive Assistant to its CEO, Mr. Gowl. Notably, Coastal Pools hired, paid, and supervised Ms. ███████ entirely on its own. Patuxent had no role in her hiring, pay, work schedule, supervision, or termination. Ms. ███████ never worked for Patuxent, never reported to Patuxent, and was never subject to Patuxent's policies.

Ms. ███████'s Charge references a Patuxent email address as evidence of an employment relationship. However, this is misleading. Ms. ███████ was given a Patuxent email solely to assist her perform administrative tasks for Mr. Gowl. Ms. ███████ did not work on Patuxent business—her role was to manage Mr. Gowl's schedule and assist him with administrative matters, including those related to his role at Coastal Pools. Regardless, an email address does not create an employment relationship under any legal standard.

B. **The Single Allegation Against Mr. Wade Is False and Concocted**

Ms. ███████'s Charge contains a single allegation against Michael Wade, CEO of Patuxent, involving an alleged incident at a hotel. More specifically, she claims that Mr. Wade tried to come onto her in his hotel suite when they were left alone together. However, this claim is entirely without merit and categorically denied by Mr. Wade. The alleged interaction occurred in the context of a business trip

August 19, 2025
Page 3

that Ms. ▓▓▓▓ had asked to join.  Mr. Gowl permitted her to join the trip to assist him, in particular with loading data into a computer program, an administrative function.  Mr. Gowl, Mr. Wade and Ms. ▓▓▓▓ met in the lobby of a hotel near an airport, but the lobby became inundated as a result of a storm and flight cancelations, making it difficult to conduct business.   Because the hotel lobby and restaurant were full, Mr. Gowl and Mr. Wade asked Ms. ▓▓▓▓ if she would be comfortable working in Mr. Gowl's hotel suite, which had a separate living room area.  She agreed without hesitation.  Contrary to her allegations, Mr. Wade made no comments of an inappropriate or sexual nature, and had no physical contact with her beyond a handshake.

Tellingly, Ms. ▓▓▓▓ never reported this alleged incident to Patuxent or anyone else. In sum, because Mr. Wade had no supervisory authority over Ms. ▓▓▓▓ and there is no factual basis for claims against him, these allegations should be disregarded.

II.   **LEGAL ARGUMENT**

    A.   **Ms. ▓▓▓▓'s Claims Against Patuxent Are Not Viable Because Patuxent Had No Employment or Contractual Relationship with Ms. ▓▓▓▓**

Ms. ▓▓▓▓'s claims against Patuxent fail from the outset because she has never been an employee or contractor of Patuxent. The existence of an employment relationship is a necessary predicate to a claim under Title VII. *See Gulino v. N.Y. State Educ. Dep't*, 460 F.3d 361, 370 (2d Cir. 2006) ("The existence of an employer-employee relationship is a primary element of Title VII claims.").  In addition, to assert a claim under the NYSHRL, an individual must either be an employee or a contractor who provides services pursuant to a contract in the workplace. *See Pulizotto v. McMahon*, 406 F. Supp. 3d 277, 305 (S.D.N.Y. 2019) ("[T]he Court notes that NYSHRL extended protections against sexual harassment to certain non-employees such as contractors or persons providing services pursuant to a contract in the workplace effective April 12, 2018.").  It is undisputed that Ms. ▓▓▓▓ was neither an employee nor contractor of Patuxent during the relevant period, or ever.

Likewise, Ms. ▓▓▓▓ cannot establish any joint employer liability against Patuxent.  Courts will consider an entity a joint employer when there is "sufficient evidence that the [entity] had immediate control over the other company's employees." *Duff v. Pristine Servs., Inc.*, No. 19-CV-10423 (RA), 2021 WL 663981, at *3 (S.D.N.Y. Feb. 19, 2021) (quotation omitted).  No such evidence exists here. Patuxent:

- Did not hire, fire, or supervise Ms. ▓▓▓▓

- Had no role in her job duties, pay, or benefits.

- Was not involved in her termination.

Even in cases where an entity is found to be a joint employer, liability only attaches if the company "knew or should have known of the [discriminatory] conduct and failed to take corrective measures within its control." *Lima v. Addeco*, 634 F. Supp. 2d 394, 400 (S.D.N.Y. 2009), aff'd sub nom. *Lima v. Adecco &/or Platform Learning, Inc.*, 375 F. App'x 54 (2d Cir. 2010) (holding that defendant could not be held liable for discrimination as a joint employer where nothing in the record established that defendant "knew or should have known about any discriminatory treatment towards [plaintiff] until after the fact").

Because Patuxent had no knowledge of the alleged conduct and no ability to take action, Patuxent cannot be liable under any theory.

August 19, 2025
Page 4

### III. <u>CONCLUSION</u>

For the foregoing reasons, Ms. ▮▮▮▮▮▮'s Charge against Patuxent is misplaced and legally baseless. Patuxent never employed her, did not employ her alleged harasser during the relevant time period, and was not involved whatsoever in the allegations at issue.

Because there is no factual or legal basis for holding Patuxent liable, Patuxent respectfully requests that the EEOC dismiss this Charge in its entirety.

Respectfully submitted,

*/s/ Douglas T. Schwarz*
Douglas T. Schwarz